[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10453
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00414-TWT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAUYA MUTEKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 12, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Following a jury trial, Defendant Tauya Muteke was convicted of one count of failure to appear for trial and two counts of preparing and filing false tax returns. On appeal, he argues that the district court erred by denying his motion to dismiss the two charges related to the filing of fraudulent tax returns because they were barred by the statute of limitations. After careful review, we affirm.

## I.    BACKGROUND

On September 1, 2009, Defendant was charged in a nine-count indictment with preparing and filing fraudulent tax returns, in violation of 26 U.S.C. § 7206(2). Relevant to this appeal, Count 1 alleged that Defendant assisted with the filing of K.C.'s 2005 tax return, which contained a false dependent, a false Schedule C, and a false fuel tax credit, and Count 5 alleged that Defendant assisted with the filing of E.T.'s 2005 tax return, which contained a false Schedule C and a false fuel tax credit. Defendant pled not guilty and trial was set for March 8, 2010. Defendant failed to appear at his trial date.

On July 13, 2015, Defendant was arrested in Atlanta, Georgia after returning from Johannesburg, South Africa. The district court set a new trial date for December 7, 2015.

On November 9, 2015, Defendant filed a motion to dismiss the indictment based on a violation of the Speedy Trial Act. In light of the Government's

2

agreement that the Speedy Trial Act had been violated, the district court dismissed the indictment without prejudice on December 2, 2015.

In the meantime, on November 17, 2015, Defendant was charged in a separate indictment with failure to appear for trial, in violation of 18 U.S.C. § 3146(a)(1).  He was subsequently charged by way of a superseding indictment on January 19, 2016 with (1) failure to appear for trial, in violation of § 3146(a)(1) (Count 1), and (2) preparing and filing false tax returns, in violation of 26 U.S.C. § 7206(2) (Counts 2 and 3).  Specifically, Counts 2 and 3 alleged that Defendant assisted with the filing of K.C.'s and E.T.'s 2005 tax returns, respectively, which contained false information as to two specific items in the Schedule C:  advertising expenses and office expenses.

Defendant later moved to dismiss Counts 2 and 3 of the superseding indictment as barred by the statute of limitations.  In particular, he argued that Counts 2 and 3, which corresponded to Counts 1 and 5 of the original indictment, alleged violations that occurred on February 6, 2006, and February 23, 2006, respectively, and the statute of limitations had already expired.

A magistrate judge issued a Report and Recommendation (R&R), recommending that the district court deny Defendant's motion.  Specifically, the magistrate judge concluded that the statute of limitations was properly tolled because Counts 2 and 3 of the superseding indictment did not broaden or

3

substantially amend the charges in the original indictment, but in fact, narrowed those charges. Over Defendant's objections, the district court adopted the R&R and denied Defendant's motion to dismiss Counts 2 and 3 of the superseding indictment.

After a jury convicted Defendant on Counts 1 through 3, the district court sentenced him to 57 months' imprisonment.

Defendant argues on appeal that the district court erred by denying his motion to dismiss Counts 2 and 3 of the superseding indictment because those charges were barred by the statute of limitations.

## II.    DISCUSSION

We ordinarily review the district court's denial of a defendant's motion to dismiss the indictment for abuse of discretion. *United States v. Farias*, 836 F.3d 1315, 1323 (11th Cir. 2016). We review the district court's interpretation and application of a statute of limitations, however, *de novo*. *United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998).

The parties agree that Defendant's violations under 26 U.S.C. § 7206(2), for preparing and filing fraudulent tax returns, have a six-year statute of limitations. 26 U.S.C. § 6531(3). The statute of limitations applies to original indictments, superseding indictments, and new indictments. *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990). However, "the filing of an indictment may serve to

4

toll the statute of limitations for purposes of filing a superseding or new indictment after the limitations period has expired." *Id.*

Section 3288 of Title 18 governs tolling for new indictments returned after the statute of limitations has expired and provides that:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information . . . which new indictment shall not be barred by any statute of limitations.

18 U.S.C. § 3288. We have further explained that tolling of the limitations period occurs only if "the charges and allegations in the new indictment are substantially the same as those in the original indictment." *Italiano*, 894 F.2d at 1283; *Farias*, 836 F.3d at 1324 ("Our case law makes it abundantly clear that the filing of a timely indictment tolls the statute of limitations for purposes of a superseding or new indictment if the subsequent indictment does not 'broaden or substantially amend the original charges.'").

Here, there is no dispute that the original indictment filed in 2009—which charged Defendant for conduct occurring in 2006—was filed within the statute of limitations. That indictment was dismissed, however, in December 2015. To avoid the statute of limitations, the Government needed to file a new indictment within six months of that dismissal. *See* 18 U.S.C. § 3288. Defendant does not

challenge the fact that the superseding indictment[1] filed in January 2016, which charged Defendant with the same conduct from 2006, was brought within six months of the dismissal of the original indictment.  Instead, he argues that the charges brought in the superseding indictment were barred by the statute of limitations because they substantially amended the original charges.  We disagree and conclude that, although the superseding indictment was filed outside of the limitations period, it was saved from dismissal pursuant to § 3288, because the allegations and charges in the superseding indictment were substantially the same as those in the original indictment.  *See Italiano*, 894 F.2d at 1280 ("[A]n untimely indictment can only be saved by the section 3288 exception if it does not broaden or substantially amend the original charges 'tolled' by the previous indictment.").

As relevant here, both the original and superseding indictments charged Defendant with violations of the same statute, 18 U.S.C. § 7206(2), for preparing and filing false tax returns.  Specifically, the original indictment charged Defendant in Count 1 with preparing K.C.'s tax return filed on February 6, 2006,

---

[1]  To be clear, the superseding indictment filed in January 2016 did not supersede the original indictment filed in 2009.  That indictment was dismissed in December 2015.  Instead, the superseding indictment was returned after the new indictment was filed in November 2015, charging Defendant with failure to appear for trial.  *See Italiano*, 894 F.2d at 1282 n.2 ("A superseding indictment usually refers to an indictment that is returned while a valid indictment is still pending.  A new indictment usually refers to an indictment returned after the pending indictment has been dismissed.").

which contained a false dependent, a false Schedule C,[2] and a false fuel tax credit. By contrast, Count 2 of the superseding indictment alleged that Defendant prepared K.C.'s tax return filed on February 6, 2006, which contained a false "Schedule C; Line 8 – Advertising Expense" and a false "Schedule C, Line 18 – Office Expense." Comparing the two indictments, Count 2 of the superseding indictment actually narrowed the allegations made in the original indictment. Indeed, the original indictment alleged that the tax return contained a false dependent, a false fuel tax credit, and most notably, that the entire Schedule C was false. The superseding indictment, however, alleged only that two specific expenses within the Schedule C were false.

Similarly, Count 5 of the original indictment alleged that Defendant assisted with the preparing and filing of E.T.'s tax return on February 23, 2006, which contained a false Schedule C and a false fuel tax credit. This charge corresponded to Count 3 of the superseding indictment, which alleged that Defendant prepared a tax return on behalf of E.T. that was filed on February 23, 2006, and contained false information related to "Schedule C; Line 8 – Advertising Expense" and "Schedule C, Line 18 – Office Expense." The superseding indictment did not broaden the facts alleged against Defendant but instead narrowed those facts.

---

[2] The Schedule C (Form 1040) is a Profit or Loss From Business Form that is used to report profits and losses from a sole proprietorship. *See* Schedule C (Form 1040), *available at* https://www.irs.gov/pub/irs-pdf/f1040sc.pdf, last visited Nov. 7, 2017.

Again, the original indictment alleged that E.T.'s tax return included a false fuel tax credit and that the Schedule C was false in its entirety. By contrast, the superseding indictment pinpointed as false only two specific expenses within the Schedule C. *Cf. Farias*, 836 F.3d at 1324 (concluding that a superseding indictment related back to the original indictment, as it narrowed the original charges by dropping substantive charges, shortening the timeframe of a conspiracy, and omitting specific overt acts that had been alleged in the original indictment).

In short, the original indictment put Defendant on notice that he would have to defend against the entirety of the Schedule C, so he most certainly had notice that he would have to defend against the two specific expenses from the Schedule C that were identified in the superseding indictment. *See Italiano*, 894 F.2d at 1282 ("If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him."). Because the allegations and charges in the original and superseding indictments are substantially the same, the district court did not err by determining that the charges in the superseding indictment were not barred by the statute of limitations. Accordingly, the district court did not abuse its discretion by denying Defendant's motion to dismiss Counts 2 and 3 of the superseding indictment.

**AFFIRMED**.

8